IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL KEITH WATKINS,

    Petitioner,                      No. CIV S-09-0363 WBS DAD P

    vs.

MIKE KNOWLES, Warden,

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the May 3, 2006 decision of the California Board of Parole Hearings ("Board") to deny him parole. On February 17, 2009, the undersigned ordered respondent to file and serve a response to the petition. On April 21, 2009, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is both procedurally barred and time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss. Respondent has not filed a reply.

**BACKGROUND**

        On May 3, 2006, the Board found petitioner unsuitable for parole. The Board's decision became final on August 31, 2006. On August 22, 2007, petitioner filed a petition for

1

writ of habeas corpus in the Solano County Superior Court challenging the Board's 2006 decision. On November 9, 2007, the Solano County Superior Court transferred the petition to the Contra Costa County Superior Court. On December 18, 2007, the Contra Costa County Superior Court denied the petition on the ground that petitioner failed to submit a complete copy of the transcript of the parole hearing. The court also noted that, while it rested it decision on petitioner's failure to support his petition with that necessary exhibit, the petition also presented issues related to timeliness since it was filed a year after the Board's decision had become final and included no explanation for the filing delay. Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District which was summarily denied on May 20, 2008. Finally, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was also summarily denied on December 23, 2008. (Resp't's Mot. to Dismiss, Exs. 1-5.) Petitioner filed his federal petition on January 3, 2009.

**RESPONDENT'S MOTION TO DISMISS**

Respondent argues that petitioner's federal habeas petition is procedurally barred. Specifically, respondent contends that the state courts denied petitioner's habeas petitions as untimely, which is an adequate and independent state law ground for denying relief. According to respondent, under California law a petitioner must timely file his claims and an unjustified delay in presenting those claims bars a court from considering the merits of a habeas petition. Respondent acknowledges that a habeas petitioner in state court may avoid the timeliness bar by showing the absence of a substantial delay or an exception to the untimeliness bar. Respondent argues that in this case, however, petitioner failed to provide any explanation to the state courts as to why he did not file his first state habeas petition until almost a year after the Board denied him parole. Respondent asserts that petitioner also failed to demonstrate that he falls within an exception to the timeliness requirement. (Resp't's Mot. to Dismiss at 3-4.)

Next, respondent argues that petitioner's federal habeas petition is time-barred. In this regard, respondent acknowledges that the proper filing of a state post-conviction application

presenting the pertinent claims tolls the one-year statute of limitations for the filing of a federal petition.  However, respondent argues that in a reasoned decision the Contra Costa County Superior Court denied petitioner's petition for habeas relief due to his failure to provide an adequate record and for untimeliness.  Respondent contends that, because the state court explicitly denied the state petition as untimely, petitioner is not entitled to statutory tolling while that petition was pending in state court.  Respondent also contends that petitioner is not entitled to statutory tolling while his petitions before the Court of Appeal and California Supreme Court were pending because those courts upheld the Contra Costa County Superior Court's denial of relief in unexplained orders.  According to respondent, this court should consider these later unexplained orders to be based on untimeliness grounds as well.  Therefore, respondent contends, petitioner is not entitled to any tolling of the AEDPA statute of limitations from August 31, 2006, through August 31, 2007, rendering his federal habeas petition time-barred. (Resp't's Mot. to Dismiss at 4.)

**PETITIONER'S OPPOSITION**

   Petitioner has filed an opposition to respondent's motion arguing that although the Solano County Superior Court did not receive his petition for filing until September 13, 2007, he actually submitted his petition to the prison law librarian on or about August 25, 2007 for mailing and witnessed the librarian place it in the legal mail box at California Medical Facility ("CMF") on the same day.  According to petitioner, that the Solano County Superior Court did not receive the petition until several weeks later was the fault of CMF mail room staff. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-3.)

   Petitioner also argues that several other circumstances delayed his filing of his first state habeas petition.  For example, petitioner contends that although at one point he had access to the law library for two to four hours per week, but for the most part, he only had access to the library for two hours every two weeks.  Petitioner also contends that he suffers from chronic arthritis as well as inflammation of the heart and lungs.  According to petitioner, on May

29, 2007, he suffered an "episode" of severe chest pain and was taken to the emergency room for four hours where he received nitro and oxygen. Petitioner notes that anytime he suffers such an "episode," he becomes extremely weak for one to two weeks thereafter. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3-4.)

## ANALYSIS

Respondent's arguments for dismissal based upon procedural default and untimeliness hinge entirely on the premise that the Contra Costa County Superior Court denied petitioner's habeas petition as untimely. However, after careful review of that court's decision, the undersigned concludes that respondent's motion to dismiss lacks a factual basis. Specifically, the Contra Costa County Superior Court denied petitioner's habeas petition on the ground that he failed to support the petition by submitting a complete copy of the transcript of the parole hearing that resulted in the challenged decision to deny parole. This court is not persuaded that the Contra Costa County Superior Court also denied the petition on timeliness grounds.

In relevant part, the Superior Court's decision provides:

**The Exhibits supporting the Petition are Incomplete**

Petitioner contends that the evidence at the parole hearing did not support the denial of parole, and that the practices of the Board of Parole Hearings violate due process of law. Petitioner has included numerous exhibits along with his petition. After careful examination of the petition and the supporting exhibits, the court concludes that it does not have before it the evidence necessary for a determination of the merits of the writ. The transcript of the parole hearing accompanying the writ contains only the opening, pages one and two, and the conclusion, pages eighty-four to ninety-two. The portion of the transcript delineating the substantive evidence adduced at the hearing is not included in the exhibit provided by petitioner.

All the exhibits necessary for a complete understanding of a case must be provided by the petitioner. Because the necessary exhibit is missing, the petition is denied.

**Timeliness**

The court rests its decision upon the failure of petitioner to support his petition with the necessary exhibits, and in view of the

4

> incomplete record refrains from reaching other conclusions. However, the court notes that the petition before it presents problems of timeliness. The parole hearing was held on May 3, 2006, and the decision became final on August 31, 2006. The habeas corpus petition was not filed until September 13, 2007. At that time the petition was filed in the wrong venue, Solano County. Later, on November 9, 2007, this court received the petition when it was transferred on the order of the Superior Court sitting in Solano County.
>
> A habeas corpus petition should be filed without substantial delay following the events which gave rise to the petition. If there has been substantial delay, petitioner should show good cause for the delay, or some specific legal exception which permits filing the petition. The petition now before the court was filed in the wrong venue more than a year after the decision of the Board of Parole Hearing became final and presents no explanation for the delay in filing. (internal references and citations omitted)

(Resp't's Mot. to Dismiss, Ex. 3) (emphasis added).

To be sure, the Contra Costa County Superior Court made a number of observations regarding the timeliness of petitioner's habeas petition in its decision denying habeas relief, but this court cannot say that the court denied the petition as untimely, thereby procedurally barring review of petitioner's federal habeas claims or precluding statutory tolling for the time that petitioner's three habeas petitions were pending in state court. In fact, the court expressly stated in addressing the timeliness of the petition, presumably for the sake of clarity, that "[t]he court rests its decision upon the failure of petitioner to support his petition with the necessary exhibits, and in view of the incomplete record refrains from reaching other conclusions." Id. See, e.g., Harris v. Reed, 489 U.S. 255, 263 (1989) (procedural default is inapplicable "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar") (internal quotations omitted); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (habeas petitioner not entitled to statutory tolling if "the California Supreme Court clearly rejected [the] petition as untimely"); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (habeas petitioner not entitled to statutory tolling if "it is clear that the [state] court was denying [the] petition as untimely"); Siripongs v. Calderon, 35 F.3d

1308, 1317-18 (9th Cir. 1994) (procedural default cannot be based on "an ambiguous order that did not clearly rest on independent and adequate state grounds").

Accordingly, for the foregoing reasons, the court concludes that respondent's motion to dismiss the pending petition as procedurally barred and untimely should be denied.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's April 21, 2009 motion to dismiss (Doc. No 12) be denied; and

2. Respondent be directed to file an answer to the petition within sixty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
watk0363.157